## IN THE UNTIED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ALAN CONTRERAS**, on behalf of himself and all others similarly situated, | § § § § § § § | |
| Plaintiff | § § | |
| *versus* | § § | |
| **SUMMIT LAW PARTNERS PC** a California Professional Corporation | § § § | **Civil Action No.:** 3:25-CV-14 |
| Defendant, | § § | **DEMAND FOR JURY TRIAL** |
| And | § § | **DEMAND FOR CLASS ACTION** |
| **JEFFREY BOGERT** | § § | |
| Defendant | § § § § § | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

ALAN CONTRERAS (hereinafter "Plaintiff" or "Contreras"), individually and on behalf of

all others similarly situated, brings this Class Action Complaint against Defendants SUMMIT

LAW PARTNERS PC, (hereinafter "Defendant" or "Summit") and JEFFREY BOGERT

(hereinafter "Bogert") to stop their illegal practice of placing unsolicited telephone calls through

its agents and/or telemarketers in violation of the Telephone Consumer Protection Act ("TCPA")

and Texas Business and Commerce Code 302.101 (hereinafter "TBCC"). Because telemarketing

campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls on behalf of Defendants Summit and Bogert. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

## PARTIES

1. Plaintiff is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Plaintiff may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com

3. Defendant Summit is a professional corporation organized and existing under the laws of California and can be served via its registered agent Jeffrey C Bogert at 1231 E Warner Ave, Sant Ana, California 92705.

4. Defendant Bogert is a natural persona, resident of California and an officer of Defendant Summit and can be served at 1231 E Warner Ave, Sant Ana, California 92705.

## JURISDICTION AND VENUE

5. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiffs TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012).

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the state law claims under the Texas Business and Commerce Code form part of the same case or controversy as Plaintiff's claims under the TCPA.

8. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant. The Defendant sent its illegal telemarketing calls to a telephone number in this District. Furthermore, Defendant does continuous and systematic business in this District by selling its services into this District. This Court has general personal jurisdiction over the Defendant as they, upon information and belief, authorized unsolicited calls to be placed on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

9. <u>Venue</u> of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claims alleged herein occurred within the Western District of Texas.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person who resides in this District.

11. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number (XXX) XXX-2995 is a residential number.

13. Plaintiff's telephone number (XXX) XXX-2995 is used for personal purposes and is not associated with business.

14. Upon information and belief, Defendant Summit offers legal representation for debt relief services to consumers nationwide, including Texas according to its website https://www.slplawoffices.com.

15. Upon information and belief Defendant Bogert is an officer of Defendant Summit and an attorney with Summit.

16. Defendants Summit and Bogert are barred by ethics from making direct solicitation phone calls to consumers with whom no preexisting relationship exists.

17. Upon information and belief, Defendant Summit and/or Bogert contracted with a call center "debt resolution center" (hereinafter "DRC") to make unsolicited phone calls on behalf of Summit.

18. Defendant Summit and/or Bogert provides DRC with qualifications a consumer must meet to qualify for Summit's services.

19. Defendant Summit and/or Bogert authorizes DRC to act as Summit's agent by instructing DRC on how much to charge a new client and sending the new client a service agreement to sign on behalf of Defendant Summit.

20. Defendant Summit pays DRC a commission fee for every new client they retain for Defendant Summit.

21. DRC is an unknown entity to Plaintiff at this time and their true identity will be revealed during discovery.

22. Upon information and belief, Defendants Summit and Bogert have generated substantial profit gains by violating the TCPA and generating new clients through illegal telemarketing.

23. Defendants Summit and Bogert have been sued in this very district prior to this lawsuit for violations of the TCPA and Texas Business and Commerce Code 302.101, *Salaiz v. Summit Law Partners PC et al*, No. 3:24-cv-00396-KC (W.D.TX., Oct. 25, 2024).

24. Upon information and belief, as part of their marketing, Defendant Summit sends ringless voicemails through DRC using an artificial or prerecorded voice to thousands of consumers residential telephone numbers without obtaining the consumers' consent.

25. A ringless voicemail is a technology that allows users to send a voicemail message to a recipient's voicemail without ringing their phone.

26. On November 21, 2022, the Federal Communications Commission ("FCC") ruled that ringless voicemails are subject to the TCPA and require consumer consent.

27. The FCC found that ringless voicemails are "calls" made using an artificial or prerecorded voice.

28. **Call #1 –** On July 29, 2024, at 11:30 AM, Defendant Summit sent a ringless voicemail through DRC to Plaintiff's telephone number -2995 from caller ID (901) 439-6075 using an artificial or prerecorded voice that stated,

    "Hello and I hope you're having a blessed Monday. This is Marsha Bradley from the hardship department, 888-977-3748. I have some fantastic news regarding a recent application for funding. You actually qualify for a brand new overwhelmed with bills hardship program for 2024. This program is designed to offer up to $15,000 in relief and will help eliminate the items that are dragging down your credit. The best part is you do not need a credit score to qualify. Call me today as enrollment is limited my number is 888-977-3748. Again, that is 888-977-3748. This is a very important message, so please do call me back 888-977-3748."

29. The ringless voicemail does not identify Defendant Summit.

30. The ringless voicemail stated in paragraph twenty-eight of this complaint left a call back phone number for Plaintiff to call back (888) 977-3748.

31. The alleged call Plaintiff received from DRC on behalf of Defendant was clearly pre-recorded because (a) it was sent with automated technology used to mask Caller IDs (b) it used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

32. The Plaintiff in *Salaiz v. Summit Law Partners PC et al*, also received ringless voicemails on behalf of Defendant Summit.

33. On September 30, 2024, Plaintiff called back the phone number left in the ringless voicemail, (888) 977-3748 as it was the only way to identify who was behind the call.

34. Plaintiff was connected to a male representative who introduced himself as Alex with "debt resolution center" (hereinafter "DRC").

35. Plaintiff advised Alex that he was returning a call regarding credit card debt.

36. Alex stated to Plaintiff, "this is a debt relief program sir that can help you with around ten thousand or more on unsecured debt."

37. Alex collected Plaintiff's name, home address, date of birth, debt balances, and Plaintiff's social security number.

38. Alex then pulled a copy of Plaintiff's credit report and went over Plaintiff's debts.

39. Alex solicited Plaintiff for a debt relief program on behalf of Defendant Summit.

40. Alex advised Plaintiff that Plaintiff will make twenty-four monthly payments of $341.81 towards Defendant Summit's debt relief program.

41. Plaintiff received an email from Alex from no-reply@slplawoffices.com that contained a service agreement from Defendant Summit for Plaintiff to sign.



42. Plaintiff asked Alex, "and who is Summit Law is that who you are with?" Alex replied and stated, "yes sir."

43. Upon information and belief, DRC has access to Defendant Summits operating systems that allows DRC to send Defendant Summit's service agreements to new clients.

44. The service agreement Plaintiff received from Alex identified Defendant Summit.

45. Upon information and belief, Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

46. Upon information and belief, neither Defendants Summit or Bogert have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through Defendant's agents.

47. Plaintiff is a Texas resident.

48. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain neither Defendants Summit or Bogert's registration.

49. Neither Defendants Summit or Bogert qualify for an exemption under § 302.053.

50. Plaintiff never provided his prior express written consent to receive the alleged call.

51. The alleged call was a nonconsensual encounter that was not made for emergency purposes.

52. Upon information and belief, the alleged call was placed while knowingly ignoring the national do-not-call registry.

53. Upon information and belief, the alleged call was placed without Defendants Summit or Bogert training their agents on the use of an internal do-not-call policy.

54. Plaintiff has never been a customer of Defendant Summit and never knew who Defendant Summit was prior to receiving the alleged call.

55. Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing call and his privacy was improperly invaded. Moreover, the alleged call injured Plaintiff because it were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

**CLASS ALLEGATIONS**

## LOCAL RULES

56. Plaintiff, pursuant to local rules, shall move to certify this complaint as a Class Action.

57. Plaintiff will identify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiff's Motion to Certify.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE DEFENDANTS' ACTIONS

58. Plaintiff realleges paragraphs one through fifty-seven and incorporates them herein as if set forth here in full.

59. The alleged call harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

60. The alleged call harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

61. The alleged call harmed Plaintiff by intruding upon his seclusion.

62. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## FIRST CAUSE OF ACTION:
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(Against All Defendants)**

63. Plaintiff realleges paragraphs one through sixty-two and incorporates them herein as if set forth here in full.

64. Defendants and/or their agents placed telephone calls to Plaintiff's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

65. The calls were made for the express purpose of soliciting customers for Defendant Summit's goods and services.

66. When Plaintiff and the Class answered and/or listened to their voicemails, the calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

67. As a result of their unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

68. Defendants and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

69. If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(Against All Defendants)**

70. Plaintiff realleges paragraphs one through one through sixty-nine incorporates them herein as if set forth here in full.

71. Defendants' illegal solicitation sales calls to Plaintiff and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

72. Upon information and belief, the actions of the Defendants also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

73. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

74. As a result of the Defendants' violations of Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

75. As a result of the Defendants' violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alan Contreras, individually and on behalf of the Class prays for the following relief:

A. An order certifying this class action and Plaintiff as class representative (after Plaintiff files his respective Motion to Certify pursuant to this Court's Local Rules);

B. An order declaring that the Defendants' actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that the Defendants' actions, as set out above, violate 227(b) willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each violation;

E.  An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

F.  An order declaring that the Defendants' actions, as set out above, violate Texas Business and Commerce Code 302.101;

G.  An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

H.  An injunction requiring Defendants to cease sending all unlawful calls;

I.  An award of reasonable attorneys' fees and costs; and

J.  Such further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 13th day of January 2025.

Respectfully Submitted,

The Darwich Law Firm, LLC
  /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686
6090 Surety Dr, #305
El Paso, TX 79905
(915) 671-2221
omar@darwichlegal.com

**ATTORNEYS FOR PLAINTIFF**